PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:19CR276 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ANDRE M. LITTLE, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 28, 39, 40] |

Pending before the Court is Defendant Andre M. Little's Motion for Compassionate Release re First Step Act of 2018 (COVID-19). *See* ECF No. 38 (supplementing ECF No. 28). The Government submitted a response in opposition. ECF Nos. 35, 36 [SEALED]. The Court has reviewed the parties' filings, exhibits, and the applicable law. For the reasons stated below, Defendant's Motion for Compassionate Release is denied.[1]

### I. Background

On August 14, 2019, pursuant to a written plea agreement, Defendant pleaded guilty to four drug offenses committed, in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and subject to enhanced penalties due to an undisputed prior felony drug conviction. *See* ECF No. 10 (Information Regarding Prior Conviction); ECF No. 17 (Plea Agreement). The Court sentenced Defendant to a term of 57 months of imprisonment to be served concurrently for Counts 1-4, followed by concurrent terms of six years of supervised release. ECF No. 26. Defendant is 36

---

[1] Defendant's Motion to file Medical Records *Instanter* (ECF No. 39), and Motion to Seal Medical Records Exhibits (ECF No. 40) are granted, *nunc pro tunc*.

(4:19-CR-276)

years old and is serving the balance of his sentence at the Cincinnati Residential Reentry Management Field Office ("RRM").[2]

    Defendant brings this motion asking the Court to grant him compassionate release on the grounds that he has severe health conditions that amount to extraordinary and compelling reasons for release considering COVID-19. The Government argues that any of Defendant's extraordinary reasons for release are foreclosed by his vaccination status. Also, the § 3553(a) factors counsel strongly against release.

## II. Analysis

    "Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and compelling reasons[,]' to reduce an incarcerated person's sentence." *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020). "This is known as 'compassionate release,' and although it has existed since 1984, courts 'rarely considered' motions until 2018 because [before then] 'a court [could] grant relief *only*'" on a motion by the Federal Bureau of Prisons ("BOP"). *Id.* (quoting *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020)). "In 2018, the First Step Act revised § 3582, allowing incarcerated persons to file motions for compassionate release in federal court without BOP approval" after either exhausting the BOP's administrative process, or waiting at least thirty days for a response from their warden. *Id*. (citing *Jones*, 980 F.3d at 1105). "This procedural change, paired with COVID-19's devastating surge through our nation's prisons, has caused a sharp

---

    [2] Defendant's anticipated release date is December 26, 2022. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited August 31, 2022).
https://www.bop.gov/about/facilities/offices.jsp#rrm (last visited August 31, 2022).
The BOP does not publish records on the COVID-19 Statistics for such offices.
https://www.bop.gov/coronavirus/ (last visited August 31, 2022).

(4:19-CR-276)

increase in both filings and grants of compassionate-release motions." *Id*. (citing *Jones*, 980 F.3d at 1105).

"A court may grant compassionate release when it finds three requirements are satisfied." *Id*. "First, the court must 'find[ ]' that 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (citing *Jones*, 980 F.3d at 1107 – 08). "Second, the court must 'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Id*. (citing *Jones*, 980 F.3d at 1108). United States Sentencing Guideline ("USSG") 1B.13 "is not an 'applicable' policy statement in cases [in which] incarcerated persons file their own motions in district court for compassionate release," so district courts "may skip step two of the § 3582(c)(1)(A) inquiry." *United States v. Pegram*, 843 F. App'x 762, 764 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1101, 1111). "Third, the court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *McCall*, 20 F.4th at 1111 (citing *Jones*, 980 F.3d at 1108). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

### A. Exhaustion

A criminal defendant is permitted to file a motion for compassionate release, only after "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Warden Hemingway denied Defendants request for compassionate release on

3

(4:19-CR-276)

June 2, 2020. ECF No. 28-2 at PageID #: 157. This request for compassionate release was filed after the expiration of the above-mentioned 30-day period. Defendant, therefore, has exhausted his administrative rights in this case.

### B. Extraordinary and Compelling Reasons

The Court has full discretion "to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones*, 980 F.3d at 1109. Defendant grounds his request for compassionate release on his health conditions, including obesity, hypothyroidism, kidney failure, depression, and symptoms of chronic liver disease, which increase his risk for COVID-19. *See* ECF No. 31 at PageID #: 175; ECF No. 38 at PageID #:209-211.

When determining whether extraordinary and compelling reasons for compassionate release exist, the Court may look to guidance from the Centers for Disease Control and Prevention ("CDC"). *See Elias*, 984 F.3d at 521. Current CDC guidance advises that obesity, chronic kidney disease, chronic liver disease, and depression are all medical conditions that can cause severe cases of COVID-19. *See COVID-19, People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 31, 2022).

Although an increased risk of COVID-19 has its place in the "extraordinary and compelling reasons" analysis, the presence of a medical condition that leads to an increased risk of severe illness does not automatically constitute an extraordinary and compelling reason for release. "[M]edically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn.

(4:19-CR-276)

Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)). In this case, it is apparent from Defendant's medical records that, while he does have the previously mentioned health conditions, there is no evidence that those conditions are being mis-managed by the BOP. *See* ECF No. 38 at PageID #: 212-221.

        Additionally, the Court finds that Defendant is unable to establish extraordinary and compelling reasons because his access to the COVID-19 vaccine and vaccinated status make the contraction of COVID-19 less likely, and less dangerous, if contracted. Under the guidance of *Traylor* and *Lemons*, a Defendant's vaccination status seriously abates any compelling reason for release related to COVID-19. *See United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). In this case, Defendant is fully vaccinated — BOP records establish that Defendant received the Janssen vaccine on May 5, 2021. *See* ECF No. 36 at PageID #: 206. Defendant's vaccination status, therefore, diminishes any extraordinary or compelling reason for release. *See, e.g.*, *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *1 (6th Cir. Jan. 4, 2022) (ruling that defendant "has access to the vaccine and has received at least one dose, so he cannot demonstrate that his COVID-19 risk is an 'extraordinary and compelling' reason that warrants compassionate release"); *United States v. Wymer*, No. 3:13-CR-00134-JGC-1, 2021 WL 5707188, at *2 (N.D. Ohio Dec. 1, 2021) (reasoning that defendant, was unable to establish extraordinary and compelling reasons for release because "once an inmate has access to the COVID vaccine, he or she cannot show that a fear of contracting the virus is extraordinary or compelling"); *United States v. McIlveen*, No. 4:15-CR-00403, 2021 WL 2463847, at *3 (N.D. Ohio June 17, 2021) (finding that defendant could not demonstrate "extraordinary and compelling reasons" required for compassionate release because defendant had access to the COVID-19 vaccine).

(4:19-CR-276)

Furthermore, the Court notes that since filing the motion, defendant has been transferred to the supervision of the RRM.³ Typically, when prisoners are transferred to the Residential Reentry BOP program, they are either placed in home confinement or in a halfway house or a similar facility, as opposed to the traditional prison setting Defendant was in when he was recently housed at *FPC Yankton*. Therefore, Defendant's move to the Residential Reentry program itself also significantly diminishes, any extraordinary or compelling reason for release.

### C. 18 U.S.C. § 3553(a) Factors

Regardless of whether Defendants' health conditions constitute an extraordinary and compelling reason for release, the section 3553(a) factors strongly counsel against Defendant receiving a reduction in sentence. In accord with 18 U.S.C. § 3553(a), the Court must analyze "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

The relevant factors in the case at bar are sections 3553(a)(1), 3553(a)(2)(A), a(2)(B), a(2)(C). In this case, the balance of the factors in section 3553(a) strongly disfavor any sentence reduction.⁴

When considering section 3553(a)(1), the Court must consider the nature and circumstances of the offense and history and characteristics of the defendant. The nature and circumstances of Defendant's offense, trafficking a considerable number of opioids and fentanyl

---

³ *See supra* note 1.
⁴ The Court also incorporates the analysis of the section 3553(a) factors that the Court indicated at sentencing.

6

(4:19-CR-276)

analogues into the community, involve conduct dangerous to the community.  Moreover, Defendant has had multiple disciplinary infractions while incarcerated, in the past and while incarcerated for the instant offenses.  ECF No. 35-1 at PageID #: 200.  If Defendant cannot comport himself to the rules of the prison environment, then the Court has no basis to trust him in the community prior to the end of the sentence.  See *United States v. Osborne*, 860 F. App'x 77, 80 (6th Cir. 2021) (holding that post-conviction conduct such as disciplinary infractions can be considered in analyzing the 3553(a) factors).

When considering section 3553(a)(2)(B), the Court must consider if the sentence affords adequate deterrence to criminal conduct.  In the case at bar, the seriousness of the crime here, again, causes the Court to eschew reduction, because the sentence imposed adequately deters at its current length and a reduction would diminish that deterrence, both specifically and generally.

Additionally, when analyzing section 3553(a)(2)(C), the Court must consider if the sentence protects the public from further crimes of the defendant.  In this case, reduction would constitute an unacceptable risk that the public would be harmed by Defendant.  Defendant has a long history of recidivism.  He committed the instant offenses *only four months* after being released from federal custody and while on supervised release.  Typically, a sentence reduction is not granted to a defendant with an extensive criminal history because such a reduction would not comport with the 18 U.S.C. § 3553(a) factors.  The instant case is in accord with that philosophy.  *See*, *e.g.*, *United States v. Pinkney*, No. 5:14CR301, 2021 WL 288565, at *2 (N.D. Ohio Jan. 27, 2021) (citing defendant's "continuous involvement in the criminal arena" and "inability to refrain from drug trafficking while not incarcerated" as the primary reason defendant needed to serve a full sentence).

7

(4:19-CR-276)

When imposing a sentence, the Court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with purposes of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630-31 (6th Cir. 2008). In the case at bar, any departure from the sentence the Court previously imposed would render said sentence insufficient.

### III. Conclusion

Accordingly, Defendant's Motion (ECF No. 28) is denied on the merits.


IT IS SO ORDERED.


| | |
|---|---|
| September 2, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |